U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
Aug 12, 2015
CLERK, U.S. DISTRICT COURT
By _____
       Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTINE TROOST,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant.<br><br>UNITED STATES OF AMERICA,<br>    Counter-Plaintiff,<br><br>v.<br><br>CHRISTINE TROOST and EDWARD<br>TROOST,<br>    Counter-Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    No. 3:13-CV-4399-M (BF) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. *See* Standing Order of Reference [D.E. 49]. Before the Court is the United States' Motion for Summary Judgment [D.E. 30]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Summary Judgment [D.E. 30] be GRANTED.

## BACKGROUND

On October 31, 2013, Plaintiff Christine Troost ("Plaintiff") filed her Original Complaint pursuant to Internal Revenue Code, Section 7422 seeking a tax refund for taxable periods ending on December 31, 2009, March 31, 2010, June 30, 2010, September 30, 2010, December 31, 2010, March 31, 2011, June 30, 2011, September 30, 2011, December 31, 2011, and March 31, 2012, and an abatement of $336,016.31, plus statutory interest in connection with penalties assessed by the

government for unpaid payroll taxes for T&B Demolition, LLC ("T&B Demolition"). *See* Compl. [D.E. 1 at 16]; Counterclaim [D.E. 8 at 1]. On January 29, 2014, the United States filed its Counterclaim against Plaintiff, as well as against her husband, Edward Troost, and Gary and Kelly Brignon ("Counter-Defendants"). *See* Counterclaim [D.E. 8]. In the Counterclaim, the government contends that despite timely notice and demand for payment, Counter-Defendants failed to pay the penalties assessed and seeks a judgment against the Counter-Defendants for $337,297.70. *See id.* [D.E. 8 at 3]. On March 31, 2015, Gary and Kelly Brignon agreed to an entry of judgment against them. *See* Agreed. J. [D.E. 29]. On April 2, 2015, the government filed its summary judgment motion against Mr. and Mrs. Troost (collectively, the "Troosts") [D.E. 30] arguing that the government is entitled to summary judgment because the Troosts are responsible persons under Title 26, United States Code, Section 6672 ("Section 6672") for unpaid trust fund payroll taxes of T&B Demolition for ten quarters beginning with the fourth quarter of 2009 through the first quarter of 2012. *See* Summ. J. Mot. [D.E. 30 at 5]. On May 20, 2015, the Court permitted counsel of record for the Troosts to withdraw from the case. *See* Electronic Order [D.E. 46]. On June 1, 2015, the Troosts, proceeding *pro se*, filed their response to the government's summary judgment motion. *See* Resp. [D.E. 48]. The government filed its reply on June 15, 2015. *See* Reply [D.E. 50].

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's

case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). However, while courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Federal Rule of Civil Procedure 56 ("Rule 56") to search the record to find evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at *3 (N.D. Tex. June 6, 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Furthermore, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

## ANALYSIS

The United States argues that it is entitled to summary judgment against the Troosts under Section 6672 because the Troosts were responsible for the collection, accounting, or payment of payroll taxes withheld from the wages of the employees of T&B Demolition, but willfully failed to pay those taxes. *See* Mot. [D.E. 30 at 5]. "Sections 3102 and 3402 of the Internal Revenue Code require employers to withhold federal income tax and social security taxes from their employees'

wages." *Howard v. United States*, 711 F.2d 729, 733 (5th Cir. 1983). "The money withheld constitutes a special fund held in trust for the United States." *Id.* (citing I.R.C. § 7501). "Each employee is credited by the Government with the taxes withheld from his wages, even if they are never remitted to the Government." *Id.* (citing *Mazo v. United States*, 591 F.2d 1151, 1153 (5th Cir. 1979)). If a corporate employer fails to pay the required taxes, Section 6672 authorizes the government to assess the full amount of taxes due against the corporation's responsible officers as a penalty. *Id.* (citing *Slodov v. United States*, 436 U.S. 238 (1978); *Moore v. United States*, 465 F.2d 514, 517 (5th Cir. 1972)).

> Section 6672 provides in part as follows:
>
> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

28 U.S.C. § 6672(a). Section 6672 penalty is separate from and in addition to the employer's liability for the actual taxes owed. *Howard*, 711 F.2d at 733 (citing *Newsome v. United States*, 431 F.2d 742, 745 (5th Cir. 1970)). However, prior to the government's assessment of the Section 6672 penalty, the government "must show that the person assessed was a person responsible for the payment of those taxes who, without reasonable cause, willfully failed to collect, account for or pay over the taxes to the IRS." *Id.* "'Willfulness' in the context of Section 6672 means voluntary, conscious or intentional, and without reasonable cause." *Young v. United States*, 609 F. Supp. 512, 519 (N.D. Tex. 1985) (citing *Howard*, 711 F.2d at 736; *Newsome*, 431 F.2d at 746). "The willfulness requirement is also satisfied if the responsible person acts with reckless disregard of a known or obvious risk that

the taxes may not have been paid, such as by failing to investigate or correct mismanagement after receiving notice that the taxes were not paid." *Id.* Furthermore, the Fifth Circuit takes a broad view of who is a responsible party under Section 6672. *See Logal v. United States*, 195 F.3d 229, 232 (5th Cir. 1999). Section 6672 "applies to all responsible persons, not just to the most responsible person. . . . The central question is whether an individual had the effective power to pay taxes. . . . One does not cease to be a responsible person merely by delegating that responsibility to others, nor do instructions from a superior not to pay the taxes or the threat of being fired if one pays the taxes make one not a responsible person under the statute." *Gustin v. United States*, 876 F.2d 485, 491 (5th Cir. 1989) (citations omitted).

The government argues that the Troosts are responsible persons within the meaning of Section 6672. *See* Mot. [D.E. 30 at 28-29]. The government contends that Christine Troost was a responsible party because she was the President of T&B Demolition and owned 30% of the company. *See id.* [D.E. 30 at 28]; App. [D.E. 36 at 44]. The government also points to the T&B Demolition Company Resolution showing that Mrs. Troost was authorized to sign checks, execute notes, and negotiate items on behalf of T&B Demolition during the time periods at issue. *See* Mot. [D.E. 30 at 28]; App. [D.E. 31 at 18-19]. Furthermore, the government points to Mrs. Troost's interrogatory responses wherein she states that she had the authority to enter into contracts and obtain loans on behalf of T&B Demolition and purchase, encumber, and/or sell assets for the company. *See* Mot. [D.E. 30 at 28]; App. [D.E. 36 at 43]. The government also argues that Mr. Troost was a responsible party under Section 6672 because he was the Vice President of T&B Demolition and also owned 30% of the company. *See* Mot. [D.E. 30 at 29]; App. [D.E. 37 at 149-154]. Furthermore, the government points to evidence showing that Mr. Troost ran the day to day operations of T&B

Demolition, had the authority to hire or fire employees, made decisions about the disbursement of funds and payments to creditors, was a signatory on T&B Demolition's bank account, signed checks on behalf of T&B Demolition, and was authorized to take out loans on behalf of T&B Demolition. *See* Mot. [D.E. 30 at 29]; App. [D.E. 37 at 52-53, 160-62, 228-30, 265-66, 286]. The government argues that the Troosts cannot escape Section 6672 liability by delegating the payroll tax responsibility to others and contend that they could have made the payroll tax deposits based on their positions in the company and ownership interests and because they were signatories on the company accounts. *See* Mot. [D.E. 30 at 30].

The government argues that Christine Troost acted willfully because she admits to having actual knowledge of the unpaid payroll tax liabilities for the periods at issue by late September of 2011. *See* Mot. [D.E. 30 at 32]; App. [D.E. 37 at 127]. The government contends that rather than take action to ensure that the payroll taxes were paid, Christine Troost relied on her husband's statement that T&B Demolition was working on paying off its creditors, and assumed the IRS was one of those creditors. *See* Mot. [D.E. 30 at 32]; App. [D.E. 37 at 129-30]. Further, the government argues that Christine Troost also demonstrated a reckless disregard because she should have known that there was a risk that T&B Demolition's payroll taxes may not paid for the first quarter of 2009 through the fourth quarter of 2012 due to the company's financial problems during that time frame. *See* Mot. [D.E. 30 at 34]. The government points to Mr. Troost's deposition transcript wherein he states that he informed Mrs. Troost prior to 2009 that that the company was behind on payments to vendors and its payroll taxes. *See* Mot. [D.E. 30 at 34]; App. [D.E. 37 at 233]. Further, the government points to Mr. Troost's statements that when T&B Demolition needed money, he would inform his wife and that the Troosts contributed money to the company to keep it operating. *See* Mot.

[D.E. 30 at 34]; App. [D.E. 37 at 251-52]. In addition, the government points to a promissory note showing that Mrs. Troost loaned T&B Demolition $169,000.00 between 2006 and 2009. *See* Mot. [D.E. 30 at 34]; App. [D.E. 35 at 9-11].

The government argues that Mr. Troost also acted willfully because he had extensive actual knowledge regarding T&B Demolition's outstanding payroll taxes. *See* Mot. [D.E. 30 at 36]; App. [D.E. 37 at 233]. The government points to deposition testimony showing that Mr. Troost knew prior to 2009 that T&B Demolition was behind on payments to vendors and its payroll taxes and that in the fall of 2009, he had actual knowledge that T&B Demoltion fell behind on its payroll taxes. *See* Mot. [D.E. 30 at 36]; App. [D.E. 37 at 233, 358-59]. Further, the government points to the deposition testimony of Mr. Troost wherein he concedes that he was told on two separate occasions that T&B Demolition was behind on its taxes during the relevant time period. *See id.* [D.E. 37 at 231-33]. Further, Mr. Troost testified that throughout the course of the business, specifically in 2011 and 2012, he considered the IRS to be a creditor that needed to be paid for an outstanding balance. *See id.* [D.E. 37 at 249]. The government argues that despite this knowledge, Mr. Troost gave instructions to hold off on making payroll tax deposits in June or July of 2011 in order for the business to keep operating. *See* Mot. [D.E. 30 at 37]; App. [D.E. 31 at 46]. Furthermore, the government argues that Mr. Troost further demonstrated a reckless disregard because he should have known that there was a risk that T&B Demolition's payroll taxes may not paid for the first quarter of 2009 through the fourth quarter of 2012 due to the financial condition of the business. *See* Mot. [D.E. 30 at 38]. The government argues that Mr. Troost acted recklessly because, while knowing that T&B Demolition was in financial trouble, he allowed the business to continue to make payments to other creditors, run its operation, and pay its employees without making a reasonable inquiry as to

whether money would be available to pay the payroll taxes. *See id.* [D.E. 30 at 38].

Having considered the above, the government has presented sufficient summary judgment evidence in support of their argument that the Troosts, although having the authority to do so, willfully and/or recklessly failed to pay the payroll taxes for the time periods in question. However, the Troosts, in their response, have not controverted the evidence presented by the government. *See* Resp. [D.E. 48 at 3]. Because the Troosts are now proceeding *pro se*, the undersigned liberally construes their pleadings, but the Court is not obligated under Rule 56 to search the record to find evidence supporting their opposition to the government's summary judgment motion. *See Franklin*, 2012 WL 2679496, at *3. Therefore, because the Troosts have failed to meet their summary judgment burden, the Court should grant the government's summary judgment motion.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** the United States' Motion for Summary Judgment [D.E. 30].

**SO RECOMMENDED**, this 12 day of August, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).